UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN LENTI,
    *Plaintiff*,

v.

No. 3:24-cv-1083 (JAM)

ANGEL QUIROS *et al.*,
    *Defendants*.

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff John Lenti is a sentenced prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed a complaint *pro se* under 42 U.S.C. § 1983 alleging that Connecticut prison officials were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution. Based on my initial review of his complaint, I will dismiss Lenti's claims without prejudice pursuant to 28 U.S.C. § 1915A.

**BACKGROUND**

The following facts alleged in the complaint are accepted as true for the purpose of initial review only. Lenti is currently incarcerated at the Corrigan Correctional Institution ("Corrigan") but was previously housed at the MacDougall-Walker Correctional Institution ("MacDougall-Walker").[1]

On May 24, 2019, Lenti had a fitting for his dentures, but his dentures never fit properly.[2] Lenti "signed for dentures" on February 2, 2023, but because his dentures "did not fit properly," the dentures "chipped on the bottom where they were misaligned with the top dentures."[3]

---

[1] Doc. #1 at 2 (¶ 7).
[2] *Id.* at 3 (¶ 16).
[3] *Id.* at 3 (¶ 15).

1

On October 6, 2023, Lenti was seen by a dentist for dental realignment, but the procedure was unsuccessful.[4] Lenti had another "evaluation of dentures fitting" on January 4, 2024, during which he requested a visit to the University of Connecticut for oral implants.[5]

In sum, over the past five years, Lenti "has requested that his dentures be fitted properly," his "dentures have been refitted[] and readjusted," but "have never fit properly."[6] While his dentures were being readjusted, Lenti was without dentures.[7] Because Lenti's dentures did not fit properly, his gums have been injured, he has been unable to eat solid food, and he has endured "pain and mental anguish."[8] Lenti has exhausted his administrative remedies.[9]

On June 21, 2024, Lenti filed this complaint.[10] He names three DOC employees in their individual capacities as defendants: Angel Quiros, the DOC Commissioner; Frankie Cuevas, a dentist who treated Lenti at MacDougall-Walker; and Sara Tessler, a dentist who treated Lenti at Corrigan.[11] Lenti claims the defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.[12] He seeks injunctive relief and damages.[13]

## DISCUSSION

Congress by law requires that a federal court conduct an initial review of a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is

---

[4] *Id.* at 3 (¶ 14).
[5] *Id.* at 3 (¶ 13).
[6] *Id.* at 2 (¶ 11).
[7] *Id.* at 3 (¶ 12).
[8] *Ibid.*
[9] *Id.* at 2 (¶ 6).
[10] Doc. #1.
[11] *Id.* at 2 (¶¶ 4, 8–10).
[12] *Id.* at 1 (¶ 1).
[13] *Id.* at 3.

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[14] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid*.

### *Statute of limitations*

Lenti filed this lawsuit on June 21, 2024.[15] His constitutional claims pursuant to 42 U.S.C. § 1983 are subject to a three-year statute of limitations. *See, e.g.*, *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Accordingly, the statute of limitations presumptively bars Lenti's claims to the extent that they are based on conduct that occurred prior to three years before he filed this lawsuit—that is, prior to June 21, 2021.

Although the statute of limitations is ordinarily an affirmative defense that must be asserted by a defendant, a district court may "dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (same). Here, in the absence of any apparent grounds for tolling, I conclude that the statute of limitations bars Lenti's action to the extent that he seeks relief for alleged wrongs occurring prior to June 21, 2021.

---

[14] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[15] Doc. #1.

*Injunctive relief*

Although Lenti is presently incarcerated at Corrigan, he seeks injunctive relief against Cuevas, a dentist who treated Lenti while he was housed at MacDougall-Walker.[16] But "[a] person's 'transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.'" *Tripathy v. McKoy*, 103 F.4th 106, 113 (2d Cir. 2024) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)). Accordingly, I will dismiss as moot Lenti's claim for injunctive relief against Cuevas.

*Deliberate indifference*

Lenti claims that Cuevas and Tessler were deliberately indifferent to his serious medical needs. Because Lenti was a sentenced inmate during the relevant period, I will consider his claims under the Eighth Amendment instead of the Fourteenth Amendment. *See Gutierrez v. Ruiz*, 2022 WL 17585968, at *3 (D. Conn. 2022) (citing *Charles v. Orange Cnty.*, 925 F.3d 73, 85 (2d Cir. 2019)). I will therefore dismiss Lenti's Fourteenth Amendment deliberate indifference claims. *See Marrero-Alejandro v. Quiros*, 2023 WL 2988890, at *6 (D. Conn. 2023).

The Eighth Amendment protects against the infliction of cruel and unusual punishment. *See* U.S. Const. amend. VIII. The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a sentenced prisoner's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

An Eighth Amendment deliberate indifference claim is comprised of two elements. First, the prisoner must allege that he was subject to an objectively serious risk of harm, as distinct

---

[16] *Id.* at 2 (¶¶ 7, 9).

from what a reasonable person would understand to be a minor risk of harm. *See Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020). The objective component requires no less than "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Horace v. Gibbs*, 802 F. App'x 11, 14 (2d Cir. 2020) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)). Lenti claims that his dentures were misaligned and ill-fitting, causing injuries to his gums and preventing him from eating solid foods.[17] For purposes of this order, I will assume that these issues are serious enough to satisfy the objective prong of the Eighth Amendment standard. *See Jordan v. Dep't of Corr.*, 2024 WL 449613, at *3 (D. Conn. 2024) (finding for purposes of initial review that "a broken partial denture that cuts [plaintiff's] lip and tongue" was a sufficiently serious medical need); *Williams v. Jacobson*, 2016 WL 2733136, at *4 (S.D.N.Y. 2016) (claims that "broken dentures caused daily cuts and pain, and inhibited [plaintiff's] ability to eat properly" established sufficiently serious medical need).

But Lenti has failed to plausibly allege the second element—that a defendant prison official acted with an actual awareness of a substantial risk that serious harm to the inmate will result. *See Morgan*, 956 F.3d at 89. The official must have acted more than merely negligently but instead with a subjective state of mind that is the equivalent of criminal recklessness. *See Edwards v. Black*, 854 F. App'x 382, 383 (2d Cir. 2021).

Lenti claims he "went without dentures while the Defendants readjust[ed] the dentures" and that he "went to [a] dentist" for denture realignment.[18] But Lenti does not specify during which appointment he was seen by Cuevas or Tessler. And a complaint that lumps all the defendants together by means of a sweepingly general allegation of wrongdoing does not plausibly allege a claim for relief against any one defendant and denies each individual defendant

---

[17] *Id.* at 3 (¶ 12).
[18] *Id.* at 3 (¶¶ 12, 14).

fair notice of what the plaintiff alleges that the individual defendant did wrong. *See Alejandro v. Quiros*, 2021 WL 5324905, at *5 (D. Conn. 2021). Absent allegations that are particularized to Cuevas and Tessler in terms of what they were told and how they responded, the complaint does not allege facts to plausibly establish that their actions or inaction were the product of subjectively reckless indifference to Lenti's health or safety. Accordingly, I will dismiss Lenti's claims for deliberate indifference under the Eighth Amendment pursuant to 28 U.S.C. § 1915A(b)(1).

### *Supervisory liability*

The complaint appears to allege a theory of supervisory liability against Commissioner Quiros because he is "responsible for the supervision of all employees of the Department of Corrections for the State of Connecticut."[19] The Second Circuit has ruled that "there is no special rule for supervisory liability" and "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). At the pleading stage, a plaintiff must plausibly allege each "defendant's personal involvement in the alleged constitutional deprivation" to establish his or her liability. *Kravitz v. Purcell*, 87 F.4th 111, 129 (2d Cir. 2023).

Lenti has not done so here with respect to Commissioner Quiros. Indeed, he makes no allegations that Commissioner Quiros was involved in the fitting and adjustment of his dentures. And it makes no difference that Lenti exhausted his administrative remedies because "a correctional official's receipt of a grievance alone does not suffice to establish that official's personal involvement in a constitutional violation." *Early v. Quiros*, 2024 WL 3360648, at *3

---

[19] *Id.* at 2 (¶ 8).

(D. Conn. 2024). Accordingly, I will dismiss Lenti's supervisory liability claim against Commissioner Quiros pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). In light of Lenti's payment of the filing fee, the Court DENIES as moot the motion for leave to proceed *in forma pauperis* (Doc. #2). The Clerk of Court shall close this case. If Lenti has good faith grounds to allege facts that overcome the concerns stated in this ruling, he may file an amended complaint on or before **August 12, 2024**, and the Court will then re-open the case to conduct another initial review of any timely amended complaint.

It is so ordered.

Dated at New Haven this 12th day of July 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge